FILED
2011 Oct-14 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ITELLAS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) |
| **TELTECH SYSTEMS, INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Itellas, LLC ("Itellas") and for its Complaint for Declaratory Judgment against Teltech Systems, Inc. ("Teltech") states as follows:

1. This Complaint seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, to settle an actual controversy between Plaintiff Itellas and Defendant Teltech regarding the invalidity and alleged infringement of Teltech's U.S. Patent No. 7,664,242.

### The Parties

2. Itellas is is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama.

3. On information and belief, Defendant Teltech is Delaware corporation with a principal place of business in Toms River, New Jersey.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. There is an actual, substantial, and continuing justifiable controversy between the parties with respect to the infringement, validity, and enforceability of U.S. Patent No. 7,664,242 ("the '242 patent").

5. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District and the defendant can be found here.

## Background

6. Itellas operates online and telephone-based services that allow its customers to change the caller ID shown on the telephone of the party receiving the call. Itellas's customers include, for example, law enforcement officers, physicians, investigators, and sales people, who wish to have their office telephone number appear on the receiving party's caller ID when they are making the call from their personal cell phone.

7. Itellas has been in business since 2006. However, this technology and services implementing it, which are generally referred to as "caller ID spoofing"

were widely available before Itellas began operating.  Commercial services offering caller ID spoofing were on the market by September 2004, and were the subject of considerable press, including articles in the New York Times and USA Today.  *See* Exhibit 1.  Another provider of a caller ID spoofing service operating through the website www.covertcall.com was publicly selling the service by December 2004, including by allowing customers to call into an access number and through a touch-tone interface, enter their PIN, caller ID, and destination number to complete the call.  *See* Exhibit 2.  Other providers, such as www.piphone.com, offered similar caller ID spoofing services including call recording by February 2005.  *See* Exhibit 3.

8. The Patent Act prohibits a person from obtaining patent protection on an invention if the invention was known or used by others in this country or described in a printed publication before the patent applicant's invention thereof.  35 U.S.C. § 102(a).  The Patent Act also prohibits a person from obtaining patent protection on an invention that was in public use, on sale, or described in a printed publication more than a year before the filing date of the patent.  *Id.* 102(b).  The Patent Act also prohibits a person from obtaining a patent if he did not himself invent the subject matter sought to be patented.  *Id.* § 102(e).

9. Even though caller ID spoofing was widely known and available by September 2004, and was in public use and on sale via a touch-tone interface by

December 2004, more than one year later, on March 30, 2006, Eli Finkelman and Meir Cohen filed an application claiming they invented caller ID spoofing using a touch-tone interface. Finkelman and Cohen assigned this application to Teltech, a competitor of Itellas.

10. In filing the patent application, not only did the named inventors swear under oath that they had invented the technology, they acknowledged that they were under a duty to disclose to the Patent Office all information known to be material to patentability of the invention. Despite claiming to be inventors of, and therefore experts in, a technology that was so widely publicized it had been written up in the New York Times over a year earlier, named inventors Finkelman and Cohen did not disclose any information about the prior use, sale, or widespread publication of the technology that they were seeking to patent.

11. On February 16, 2010, ignorant of the prior public use and sale of caller ID spoofing services, the United States Patent and Trademark Office issued the '242 Patent, a copy of which is attached as Exhibit 4.

12. On March 11, 2011, Teltech sued Itellas for patent infringement in the United States District Court for the Southern District of New York. Through counsel, Itellas brought to Teltech's attention several pieces of prior art showing the public use and sale of caller ID spoofing. In response to this evidence, Teltech on its own accord filed a request with the Patent Office for reexamination of the

4

'242 Patent and submitted to the Patent Office a few of the prior art references provided to it by Itellas. In its reexamination request, Teltech stated that the prior art raised substantial questions of patentability that either anticipated or rendered obvious the primary claims of its patent under 35 U.S.C. §102 or § 103. Teltech went so far as to file a preliminary amendment with the Patent Office canceling the independent claims of its patent. *See* Exhibit 5. After Teltech filed the request for reexamination, the New York district court dismissed the case. *See* Exhibit 6.

13. While there are many bases on which a patent can be proven invalid in litigation, the Patent Office's scope of review in a reexamination proceeding is strictly limited. The Patent Office may only consider questions of patentability raised by prior art as "patents or printed publications." 35 U.S.C. §§ 301-302. The Patent Office is statutorily precluded from considering any other grounds of invalidity under 35 U.S.C. § 102, such as those present in this case, including that the subject matter was known or used by others, on sale, or in public use. *See id.*; *see also* 37 C.F.R. § 1.552. On October 5, 2011, the Patent Office denied the request for reexamination under its statutorily curtailed scope of review. The patent examiner stated that the prior art that Teltech submitted did not on its face raise substantial new questions of patentability as "printed publications." The examiner expressly noted that questions of patentability of whether the prior art

5

showed the invention was in "public use" or "on sale" would not be considered in a reexamination.  *See* Exhibit 7.

14. The fact remains that Teltech obtained a patent on technology invented and known by others, and which was on sale and in public use well over a year before Teltech filed a patent application claiming it invented the technology.  One need only read the attached New York Times and USA Today articles to see Teltech's claim that it invented this technology, and therefore should hold an exclusive right to it under the patent laws, is wholly without merit.  With the denial of the reexamination under the Patent Office's limited standard of review, Itellas is left with no choice but to bring this suit for declaratory judgment, or else continue to operate its business under the threat of a patent infringement suit by Teltech asserting an invalid patent.

**<u>Count One – Declaration of Invalidity of the '242 Patent</u>**

15. Itellas repeats, realleges, and incorporates by reference the allegations of preceding paragraphs 1 through 14, as if fully set forth herein, and further alleges as follows:

16. This Count One is an action by Itellas seeking a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that the '242 Patent is invalid.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

17. Teltech claims to be the owner of all rights, title, and interest in and to the '242 Patent.

18. The '242 Patent and each and every claim thereof are invalid because the alleged inventions fail to satisfy one or more of the statutory requirements set forth in 35 U.S.C. § 102. Without limiting the foregoing, the alleged inventions are anticipated by the prior art, were in public use and on sale in this country more than one year before the filing of the patent application by Teltech, and the claimed inventions were not in fact invented by Teltech.

19. The '242 Patent and each and every claim thereof are invalid because the alleged inventions fail to satisfy the statutory requirement of non-obviousness set forth in 35 U.S.C. § 103. Without limiting the foregoing, the alleged inventions are rendered obvious by the prior art, including by systems and services in public use and on sale in this country more than one year before the filing of the patent application by Teltech.

20. The '242 Patent and each and every claim thereof are invalid because the alleged inventions fail to satisfy the requirements of 35 U.S.C. § 112, including without limitation, because the claims are not enabled.

21. Itellas is entitled to a declaration that the '242 Patent is invalid because the alleged inventions fail to satisfy one or more of the statutory requirements for patentability of 35 U.S.C. §§ 102, 103, and 112.

7

## Request for Relief

WHEREFORE, Itellas requests this Court, pursuant to its authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, judgment entered against Defendant Teltech as follows:

    a.    declaring that the '242 Patent, and each and every claim thereof, are invalid;

    b.    declaring this case exceptional under the Patent Act and awarding Itellas its reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

    c.    awarding Itellas such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff Itellas hereby demands a jury trial on all issues so triable.

                /s Paul M. Sykes
                Paul M. Sykes
                One of the Attorneys for
                Plaintiff Itellas, LLC

**OF COUNSEL:**
Paul M. Sykes, Esq. (psykes@babc.com)
Brie Buchanan, Esq.  (bbuchanan@babc.com)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone:  (205) 521-8000

8